JOHN W. BALL

*v.*

DAVID M. BALL, *et al.*

*Opinion filed February 21, 1905.*

DEEDS—*what proof overcomes presumption that deed was unfairly obtained.* Proof that a deed was executed by the grantor out of a strong desire to reward the grantee and his wife for the affectionate care bestowed upon him in his old age, and that he himself procured a lawyer to draw the deed in the absence of the grantee, explaining his reasons to the lawyer for making the deed, overcomes the presumption of unfairness arising from the fact that the grantee was his son and his confidential and legal adviser.

APPEAL from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

DICKINSON & HAREMSKI, (WILLIAM E. HUGHES, of counsel,) for appellant.

W. A. SHERIDAN, and E. W. ADKINSON, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery, filed in the circuit court of Cook county by the appellant, for a decree setting aside a deed executed by one Charles R. Ball on the 17th day of August, 1896, purporting to convey lot No. 3 in a subdivi-

sion made by the grantor of the north half of the north-west quarter of section 18, town 40, north, range 11, east of the third principal meridian, and of the north 25.4 acres out of the north-east quarter of section 13, town 40, north, range 12, east of the third principal meridian, on the ground that the grantor was lacking in mental capacity to execute the deed, and that the grantee in the deed occupied a fiduciary and confidential relation toward the grantor and unduly influenced him to execute the deed without any valuable consideration. The bill also asked for partition of the land and for an accounting of rents and profits. The grantee in the deed, and other grantees in other conveyances made by said grantor, and the heirs-at-law of the grantor, were made parties defendant to the bill. Answers and replications were filed, and the issues were submitted to the chancellor on oral and documentary proof produced in open court on the hearing. A decree was entered dismissing the bill for want of equity and adjudging that the complainant (appellant here) pay the costs of the proceeding. This is an appeal perfected to this court.

In the year 1894 the said Charles R. Ball (the grantor in the deed here sought to be vacated) was the owner of two tracts of land in Norwood Park, hereinbefore described, which he subdivided into seven lots, numbered consecutively from 1 to 7. He was then of the age of eighty-four years, was a widower and had five living sons, namely, the appellant, John W., and the appellees, David M., Charles J., Daniel L. and Marcellus A. He made gifts of these lots, except of lot 3, to his sons, respectively, and made conveyances accordingly, save at the appellant's request the lot which the father donated to him was deeded to his daughters. Lot No. 3, the remaining lot, (being the property here in controversy,) was retained by the said Charles R. Ball until the 17th day of August, 1896, when he conveyed it to appellee David M. Ball, his son. Said David M. Ball conveyed the said lot 3 to Laura Ball, his wife, and Laura and her hus-

band have conveyed parts thereof to the other appellees, respectively. In 1898 a petition was filed in the county court of Cook county, by the procurement of the appellant, for the appointment of a conservator for the said Charles R. Ball, the charge in said petition being that said Charles R. Ball was insane, but on a hearing before a jury a verdict was returned finding that he was not insane and the appointment of a conservator was refused. On April 5, 1900, the said Charles R. Ball departed this life, and on the 10th day of November, 1902, the bill in this case was filed.

We have carefully read the evidence as preserved in the abstract, and also in an additional abstract thereof filed by the appellees. We find abundant proof supporting the view entertained by the chancellor that the said Charles R. Ball possessed the requisite mental capacity to dispose of his property by conveyance in 1896, when the deed sought to be vacated was executed.

Counsel for the appellant concede the evidence as to the mental incapacity of the said Charles R. Ball is conflicting, but insist the decree of the chancellor should be reversed on the ground that it appeared from the evidence that the conveyance was wholly without consideration, and was a mere gift after David M. Ball had received a full, equal share of an heir in the other estate of his father; that the mind of said Charles R. Ball was weakened and impaired from the infirmities of age; that he lived in the family of said David M. Ball, his son, when the conveyance was made; that said David M. Ball was a lawyer and the legal adviser of his father, was his agent in the transaction of his business affairs, and that a double relation of confidence and trust existed, out of which, it is urged, the presumption of undue influence arose by operation of law, and it is insisted that in obedience to the rule announced in *Thomas* v. *Whiting*, 186 Ill. 225, the chancellor should have canceled the conveyance as having been secured by an abuse of the fiduciary or confidential relation.

214—17

We think the evidence removed every implication of unfairness or undue influence and showed that the conveyance was the deliberate and matured act of the grantor, and that the conveyance to David M. Ball was made largely out of the strong desire of the grantor to reward Laura Ball, the wife of David M., for the patient and affectionate care bestowed on him by her in his extreme old age. He had lived in the family of David M. Ball for about seven years when the deed was executed, and he continued to live in the family of David M. as a member thereof, happily and contented, during the remainder of his life,—a period of over four years. It was during this period that the appellant sought to have him declared of unsound mind and to have a conservator appointed for him. He appeared as a witness before the jury in his own behalf in that proceeding, and the result, as before stated, was a verdict in favor of his mental capacity. It was proven in the case at bar that the deed of said lot 3 to David M. was prepared by a Mr. Adkinson, a lawyer having an office in Chicago. The aged man came to Chicago from his home in Norwood Park, to the office of Mr. Adkinson, and in the absence of David M. procured Mr. Adkinson to prepare the deed to convey the lot to David M., and at the same time told Mr. Adkinson the reason which induced him to make the conveyance. The evidence disclosed the facts and circumstances connected with the conveyance, and fairly removed all inference that the conveyance was induced by the confidential relations existing between the father and the son.

The additional abstract presented material portions of the testimony which were not otherwise disclosed, and the costs of preparing the same will be taxed to the appellant.

The decree must be and is affirmed.

*Decree affirmed.*